UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONO M. KADIROVA <br> 6513 Yadkin Court <br> Alexandria, VA 22310 <br><br> Plaintiff, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, Secretary <br> U.S. Department of Homeland Security <br> Washington, DC 20528; <br><br> L. FRANCIS CISSNA, Director <br> U.S. Citizenship and Immigration Services <br> 20 Massachusetts Ave NW <br> Washington, DC 20001; <br><br> JENNIFER HIGGINS, Associate Director <br> U.S. Citizenship and Immigration Services <br> Refugee, Asylum and International Operations <br> 20 Massachusetts Ave NW <br> Washington, DC 20001; and <br><br> JEFF SESSIONS, Attorney General, <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530. <br><br> Defendants. | Complaint <br> Civil Action No.: 18-84 |

**PETITION FOR WRIT OF MANDAMUS;
ACTION TO COMPEL AGENCY ACTION UNREASONABLY DELAYED**

Plaintiff Dono Kadirova ("Plaintiff") asks this Court to compel the Defendants to adjudicate her application for asylum under 28 U.S.C. § 1361 and 5 U.S.C. § 706(1). The Plaintiff filed form I-589, Application for Asylum and for Withholding of Removal, Nunc Pro Tunc, on March 28, 2016 and was interviewed on September 27, 2016. The Plaintiff alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction; 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedures Act; and 28 U.S.C § 1361, regarding an action to compel an officer of the United States to perform his or her duty. The plaintiff may apply to the United States District Court for the district in which a defendant in the action resides, a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides for a hearing on the matter. 28 U.S.C. § 1391 (e)(1).

## VENUE

2. The U.S. District Court for the District of Columbia is a proper venue for this action under 28 U.S.C. § 1391 (e) because the Defendants are officers and agencies of the United States.

## THE PARTIES

3. Plaintiff is a native and citizen of Uzbekistan. Plaintiff was granted asylum as a dependent of her mother, Shokida Kudratona Kadirova, on July 5, 2001. Exhibit A, Asylum Approval. On March 28, 2016, as a consequence of an incorrect approval of lawful permanent residence under 8 U.S.C. § 1159 (b), INA 209(b) resulting from her marital status, Plaintiff refiled her request for asylum on Form I-589 to request "Nunc Pro Tunc" asylum. Exhibit J, Form I-797C, Notice of Action. On September 27, 2016, Plaintiff was interviewed at Arlington Asylum Office. Exhibit H, Request for Evidence.

1

4. Defendant Kirstjen M. Nielsen is the Secretary of the U.S. Department of Homeland Security. She is generally charged with enforcement of the Immigration and Nationality Act ("INA"), and is authorized to delegate her authority to subordinate employees of the Department of Homeland Security ("DHS"). 8 U.S.C. § 1103(a) (2012). USCIS is an agency within DHS and is subject to the Acting Secretary's supervision. 6 U.S.C. § 271(a)(1) (2012). The Defendant is located at the U.S. Department of Homeland Security in Washington, D.C. 20528.

5. Defendant L. Francis Cissna is the Director of U.S. Citizenship and Immigration Services ("USCIS"). He is generally charged with the administration of the benefits governed by the INA. 6 U.S.C. § 271 (2012). Specifically, he is responsible for adjudications performed at service centers. *Id.* § 271(b)(4). The Defendant is located at USCIS, 20 Massachusetts Ave. NW, Washington, D.C. 20001.

6. Defendant Jennifer Higgins is the Associate Director of the USCIS Refugee, Asylum and International Operations, who oversees the operations of all asylum offices, including the Arlington Asylum Office where the Plaintiff's I-589 Application (Nunc Pro Tunc) is currently pending. 6 U.S.C. § 271 (2012). The Defendant is located at USCIS, 20 Massachusetts Ave. NW, Washington, D.C. 20001.

7. Defendant Jeff Sessions is the Attorney General of the United States and is charged with supervising the Federal Bureau of Investigation ("FBI"). 28 U.S.C. §§ 503, 531 (2012). USCIS relies on the FBI to conduct background investigations of applicants.[1] The Defendant is located at the U. S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

8. This action is brought against all government defendants in their official capacities.

---

[1] Richard F. Skinner, Department of Homeland Security Office of Inspector General, A Review of U.S. Citizenship and Immigration Services' Alien Security Checks (Nov. 2005).

## FACTUAL AND PROCEDURAL HISTORY

9. Plaintiff was properly granted asylum as the dependent of her mother, Shokhida Kudratora Kadirova, on July 5, 2001. Exhibit A, Asylum approval.

10. In May 2002, while still meeting the definition of child, that is being under age 21 and unmarried, she retained the services of former counsel, Michael Hadeed, to apply for permanent residence. The Plaintiff provided all necessary and truthful information to Mr. Hadeed's office. The Plaintiff was told by Mr. Hadeed to not date her signature on the Form I-485, Application to Register Permanent Resident or Adjust Status.

11. On or about June 10, 2002, the Plaintiff went to Mr. Hadeed's office to inform him that she was getting married in one week. Mr. Hadeed told her that the I-485 had been completed showing her as "single" and that the I-485 had already been filed (which was not true). He also told the Plaintiff that it was fine for her to get married and failed to mention any immigration consequences that could result from marriage.

12. On June 17, 2002, Plaintiff married her husband, Jakhongir N. Umarov. Exhibit B, Marriage Certificate.

13. On September 30, 2002, Mr. Hadeed in fact filed for the Plaintiff an application for permanent residence on Form I-485. Exhibit C. Mr. Hadeed, who was later convicted of immigration fraud and suspended from practice March 11, 2009, failed to mention the Plaintiff's marriage on her application. See id.; See Exhibit D, Final Order of Discipline.

14. On February 6, 2006, Plaintiff's Form I-485 was ultimately approved under section 209(b) of the INA, 8 U.S.C. § 1159 (b). Exhibit C, Form I-485. This approval was the result of government error in that as a married person, she needed new (retroactive) asylum approval. USCIS had been told repeatedly that the Plaintiff was married, but overlooked that information. Exhibit F, Decision on Application for Naturalization.

3

15. Based on what she believed to have been a proper grant of permanent residence, Plaintiff submitted Form N-400, Application for Naturalization, on December 9, 2010. Exhibit E, Application for Naturalization.

16. On June 15, 2011, the Plaintiff appeared for her N-400 interview. The incorrect approval of permanent residence under 209(b) was discovered during naturalization proceedings, and the Plaintiff was notified that she had not been lawfully admitted for permanent residence in the United States. Exhibit F, Decision on Application for Naturalization.

17. On March 28, 2016, Plaintiff was required to re-file Form I-589, Application for Asylum and for Withholding of Removal, to request asylum "Nunc Pro Tunc" retroactive to July 5, 2001, when the dependent asylum status was first granted. Exhibit G, Form I-589.

18. Plaintiff appeared for biometrics in relation to this application on August 10, 2016. Exhibit J, Form I-797C, Notice of Action.

19. On September 27, 2016, Plaintiff was interviewed by Officer Wu at the Arlington Asylum Office. Exhibit H, Request for Evidence. Officer Wu presented Plaintiff with a request for evidence requiring an affidavit from the Plaintiff's mother attesting to their mother-daughter relationship and explaining why a birth certificate was not available, as well as an affidavit from a third party attesting to their relationship. Id.

20. On October 6, 2016, fifteen months ago, Plaintiff submitted the additional documents regarding her birth to the Arlington Asylum Office. Id. As of that moment, the application was complete and routinely approvable.

21. In June 2017, Plaintiff inquired about the status of her application. Plaintiff was told she had to wait longer but could not be told the reason for the delay.

22. On September 5, 2017, Plaintiff's attorney contacted the Arlington Asylum Office to inquire about the status of the Plaintiff's application and timeframe for a decision to be made. Exhibit I, Inquiry made to USCIS. No response was received.

## FIRST CAUSE OF ACTION

23. Plaintiff incorporates by reference paragraphs one through 22.

24. Under 28 U.S.C. § 1361, this Court has jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" through the issuance of a writ of mandamus. 28 U.S.C. § 1361. The Plaintiff must demonstrate: 1) that the claim is "clear and certain;" 2) the duty owed by the defendant is ministerial and not discretionary; and 3) there is no other adequate remedy. Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002); Yu v. Brown, 36 F.Supp.2d 922, 928 (D.N.M. 1999).

25. The USCIS has failed to adjudicate Plaintiff's application for nunc pro tunc asylum within the guidelines of the INA. In particular, INA 208(d)(5), 8 U.S.C 1158 (d)(5), states, in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed.

26. Plaintiff submitted her application for nunc pro tunc asylum on March 28, 2016 and was fingerprinted on August 10, 2016, meaning that it has been over a year since USCIS began its background investigations on the plaintiff.

27. Plaintiff was interviewed on September 27, 2016 and submitted all requested evidence on October 6, 2016. Over a year has passed and no decision from USCIS has been provided.

28. The Defendants are officers or employees of the United States and USCIS is an agency within DHS. The official offices of the Defendants are located in Washington, D.C., and as such the petition has been filed in the U.S. District Court for the District of Columbia.

29. Plaintiff was previously granted asylum as a derivative of her mother on July 5, 2001. Despite numerous inquiries, the agency has not provided a date by which the Plaintiff's I-589 nunc pro tunc asylum application will be adjudicated. Given these facts, the

5

adjudication delay is unreasonable. No other relief is available because USCIS has sole authority over Plaintiff's nunc pro tunc asylum application.

## SECOND CAUSE OF ACTION

30. Plaintiff incorporates by reference paragraphs one through 29.

31. Plaintiff seeks relief under the Administrative Procedure Act ("APA"). The Plaintiff asks the Court to compel agency action because it has been unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1); 5 USC § 555(b). Specifically, the Plaintiff asks the Court to compel USCIS to adjudicate her nunc pro tunc asylum application within 60 days.

32. To obtain relief under the APA, the Plaintiff must show that Defendants unlawfully withheld or unreasonably delayed action that they were legally required to take. *See* 5 U.S.C. § 706(1). With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it. *See* 5 USC § 555(b).

33. The APA places a non-discretionary duty on the government to adjudicate these applications within a reasonable time. *Villa v. DHS*, 607 F. Supp. 2d 359, 365 (N.D. N.Y. 2009). while the decision to grant or deny an application is a discretionary one, the decision to adjudicate applications is not. Id.

34. The Plaintiff, previously granted asylum as a dependent of her mother, filed her nunc pro tunc asylum application to obtain individual asylum as of July 5, 2001, when the dependent asylum was first granted. Taking over a year to adjudicate the Platintiff's nunc pro tunc asylym claim is an unreasonable delay. Plaintiff was originally granted asylum as a dependent over 15 years ago, and has provided all evidence attesting to her relationship with her mother.

6

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Dono Kadirova, requests for the District Court to compel the U.S. Citizenship and Immigration Services to adjudicate Plaintiff's application for asylum nun pro tunc immediately, award Plaintiff's reasonable attorney's fees under the Equal Access to Justice Act; and grant such other relief at law and in equity as this Court deems proper under the circumstance.

Respectfully submitted,

Robert A. Remes
Counsel for Plaintiff
Bar # 199711
Carliner & Remes, P.C.
1150 Connecticut Ave. NW Suite 610
Washington, DC 20036
Telephone: (202) 223-0050
Fax: (202) 223-0052
Email: rar@carliner-remes.com